**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KATHLEEN C. LANGDON, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT GROVE RETIREMENT COMMUNITY LLC and RESORT LIFESTYLE COMMUNITIES, INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Trial By Jury Demanded** |

COMES NOW the Plaintiff, through her attorney Michael J. Merrick and Merrick Law Firm LLC, and for her complaint against Defendants states as follows:

**Nature of the Action**

1. This is an employment disability and age discrimination action. Plaintiff was diagnosed with cancer about a month after she started her Marketing Director job with Defendants. Thereafter she kept Defendants apprised of her medical treatment. Defendants fired her without warning soon after she had returned to work from a medical leave of absence for cancer surgery. Despite knowing that Plaintiff suffered from Metastatic (Stage IV) Melanoma and was still recovering from major surgery, Defendants told her that "your heart isn't in it" (the work) and "you're not a good fit." Defendants subsequently replaced Plaintiff with a substantially younger, nondisabled individual.

**Jurisdiction & Venue**

2. Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Americans with Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §§12101 *et seq.*

(“ADA”), and the Age Discrimination in Employment Act, 29 U.S.C. §§621 *et seq.* (“ADEA”), arise under federal law. The Court has supplemental jurisdiction over Plaintiff’s state law claims under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendants have employees and do business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

**Parties**

4. Plaintiff Kathleen C. Langdon is a citizen of the United States and resident of Omaha, Nebraska.

5. Defendant Walnut Grove Retirement Community LLC (“Walnut Grove”) is a Nebraska limited liability company doing business at 4901 South 153rd Street in Omaha, Nebraska. Walnut Grove’s principal business office is located at 8040 Eiger Drive in Lincoln, Nebraska.

6. Defendant Resort Lifestyle Communities, Inc. (“RLC”) is a Nebraska Corporation with a principal business office located at 8040 Eiger Drive in Lincoln, Nebraska. RLC provides human resources management and other business functions for Walnut Grove. Upon information and belief, RLC is Walnut Grove’s parent company.

7. Walnut Grove and RLC were Plaintiff’s employer for purposes of her claims under the federal and state statutes set forth below.

**Common Allegations**

8. On or about September 9, 2014, Ms. Langdon commenced employment with Defendants as Marketing Director at Walnut Grove.

9. Ms. Langdon's direct supervisors were Tim Morford and Debbie Morford, husband and wife, who were both Resident Managers at Walnut Grove.

10. On or about October 8, 2014, Ms. Langdon began experiencing extreme pain, was hospitalized for three days, and was diagnosed with cancer. Ms. Langdon advised the Morfords of her diagnosis and that she would need surgery in the near future.

11. On or about November 10, 2014, Ms. Langdon had cancer surgery.

12. Ms. Langdon was on a medical leave of absence pursuant to Defendants' short term disability policy through December 10, 2014. While she was on medical leave, she advised the Morfords that she had been diagnosed with Metastatic (Stage IV) Melanoma, was having a difficult and painful recovery, but looked forward to returning to work.

13. Ms. Langdon returned to work on or about December 11, 2014. At that time she was still in the process of recovering from her surgery and had a lifting restriction. Ms. Morford asked to see Ms. Langdon's surgical scars and drainage tubes. Ms. Langdon complied.

14. As accommodations to allow her to work during her recovery, Ms. Langdon requested that she be permitted to start work an hour later and leave an hour early each day.

15. During her recovery, Ms. Langdon was fatigued and continued to take strong pain medication.

16. During her recovery, Ms. Langdon had to attend appointments with her oncologist and other members of her medical team. She tried to schedule her medical appointments over her lunch hour.

17. The Morfords glared at Ms. Langdon when she returned to work from doctors' appointments.

18. Ms. Langdon attempted to work on her days off to make up for time she missed because of her illness.

19. On or about January 13, 2015, the Morfords entered Ms. Langdon's office and told her that her employment was terminated effective immediately. They told her it wasn't working out, her heart wasn't in it, they wanted 100 percent occupancy at Walnut Grove, and she just wasn't a good fit. Defendants' stated reasons are pretext.

20. Ms. Langdon broke down in tears. She asked whether there was anything she could do to improve and pleaded for another chance to keep her job. They shook their heads "no."

21. Defendants did not follow their progressive discipline and corrective action policies before terminating Ms. Langdon's employment.

22. Defendants did not give Ms. Langdon any warning that her work performance was deficient or that her job was in jeopardy.

23. Upon information and belief, Defendants replaced Ms. Langdon with a substantially younger, nondisabled individual.

**COUNT I**

**ADA WRONGFUL TERMINATION**

24. Ms. Langdon was disabled with cancer.

25. Ms. Langdon was qualified to and did perform the essential functions of her job with reasonable accommodations.

26. At all relevant times Ms. Langdon met or exceeded Defendants' reasonable performance expectations.

27. Defendants violated the ADA by terminating Ms. Langdon's employment because she has a disability, has a record of having a disability, and/or Defendants regarded her as having a disability as defined by the ADA.

28. Defendants acted with malice and reckless indifference to Ms. Langdon's federally-protected rights.

29. As a direct and proximate result of Defendants' unlawful conduct, Ms. Langdon suffered damages.

30. Ms. Langdon timely filed charges of discrimination with the Nebraska Equal Opportunity Commission which were automatically cross-filed with the U.S. Equal Employment Opportunity Commission. Ms. Langdon has exhausted her federal and state administrative remedies.

**COUNT II**

**NFEPA WRONGFUL TERMINATION**

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth in this Count II.

32. Defendants violated the Nebraska Fair Employment Practice Act ("NFEPA") by terminating Ms. Langdon's employment because she has a disability, has a record of having a disability, and/or Defendant regarded her as having a disability as defined by the NFEPA which proximately caused her to suffer damages.

**COUNT III**

**ADA RETALIATION**

33. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth in this Count III.

34. Defendants violated the ADA by retaliating against Ms. Langdon because she had engaged in the protected conduct of requesting and using reasonable accommodations for her disability.

35. Defendants acted with malice and reckless indifference to Ms. Langdon's federally-protected rights.

36. As a direct and proximate result of Defendants' unlawful conduct, Ms. Langdon suffered damages.

**COUNT IV**

**NFEPA RETALIATION**

37. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth in this Count IV.

38. Defendants violated the NFEPA by retaliating against Ms. Langdon because she had engaged in the protected conduct of requesting and using reasonable accommodations for her disability which proximately caused her to suffer damages.

**COUNT V**

**ADEA WRONGFUL TERMINATION**

39. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth in this Count V.

40. At the time of her termination Ms. Langdon was 53 years of age.

41. Defendants terminated Ms. Langdon's employment because of her age in violation of the ADEA.

42. Defendants acted with malice and reckless indifference to Ms. Langdon's federally-protected rights.

43. As a direct and proximate result of Defendants' unlawful conduct, Ms. Langdon suffered damages.

## COUNT VI

44. Plaintiff incorporates by reference paragraphs 1 through 30 and 40 as though fully set forth in this Count VI.

45. Defendants terminated Ms. Langdon's employment because of her age in violation of the Nebraska Age Discrimination in Employment Act.

46. As a direct and proximate result of Defendants' unlawful conduct, Ms. Langdon suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment in her favor and against Defendants for the following make-whole relief:

A. Lost wages and benefits in an amount to be proven at trial;

B. A tax component award to offset the tax burden she will carry as a result of her lump-sum back-pay award;

C. Compensatory damages in an amount to be proven at trial;

D. Liquidated damages;

E. Punitive damages in an amount to be proven at trial;

F. Pre-judgment interest;

G. Equitable relief including back pay, reinstatement and/or front pay;

H. Plaintiff's reasonable attorneys' fees and costs incurred herein; and

I. For such further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha as the place for trial.

KATHLEEN C. LANGDON

By: /s/Michael J. Merrick
Bar Number: 19855
Merrick Law Firm LLC
1823 Harney Street, Suite 300
Omaha, Nebraska 68102
Tel. (402) 933-4256
Fax (402) 513-6504
E-mail: merrick@merricklawfirm.com